IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DALE MARTIN, | No. CIV S-08-1578-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| McNUT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint contains the following statement of his claim:

> Mr, McNut for Spraying ME with WEED KILLER 6-31-06, Dr, Roche for not treating Me. Rorert Wooten and CO, Riley for talking Dr. Roche out of helping Me, 8-2-06, A, Pomazal, for Denying Me Drugs and treatments, And putting off others. Hole Staff for not taking care of My Back Problem. And the Round Corporation for Claiming the weed killer was safe 7-31-06 [sic].

(Complaint at 3).

## II. DISCUSSION

Plaintiff's complaint suffers from multiple deficiencies. It appears plaintiff is attempting to set forth an Eighth Amendment claim for cruel and unusual punishment and refusal to provide medical care.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious

such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give

3

1  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
2  difference of opinion between the prisoner and medical providers concerning the appropriate
3  course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
4  90 F.3d 330, 332 (9th Cir. 1996).

5         First, plaintiff's claims against Mr. McNut are not clear.  Reading the complaint
6  broadly, it is possible plaintiff is claiming Mr. McNut deliberately sprayed him with weed killer.
7  If that is the case, he may be able to state a violation of his Eighth Amendment right against cruel
8  and unusual punishment.  However, if Mr. McNut accidently sprayed him with weed killer, there
9  would be no Eighth Amendment violation because Mr. McNut would not have a sufficiently
10 culpable mind.  Even if Mr. McNut was careless or negligent, plaintiff would not be able to state
11 a claim against him.  Mr. McNut would have to have acted with a deliberate purpose to cause
12 plaintiff harm in order for plaintiff's constitutional rights to have been violated.  Therefore, as
13 plaintiff's complaint is written, he fails to state a claim against Mr. McNut.  This deficiency is
14 subject to cure, and plaintiff will have an opportunity to file an amended complaint in order to
15 cure this deficiency.

16         Second, plaintiff's claims against defendants Roach, Wooten, Riley and Pomazal
17 are also unclear.  Plaintiff states Dr. Roach did not treat him, but does not elaborate as to what
18 treatment he sought and what actions Dr. Roach took when he requested treatment.  Presumably,
19 plaintiff sought treatment after being sprayed with the weed killer.  However, plaintiff fails to
20 specify what he requested treatment for and what Dr. Roach's reaction to that request was to that
21 request.   Plaintiff fails to allege that Dr. Roach deliberately denied him *any* medical treatment.
22 Similarly, plaintiff's claims against Wooten, Riley and Pomazal are also unclear.  Plaintiff states
23 Wooten and Riley talked Dr. Roche out of helping him, but does not elaborate as to what
24 specifically happened.  He also fails to specify what drugs and treatments defendant Pomazal
25 denied him, and what those drugs and treatments were for.  As to the "hole staff" not taking care
26 of plaintiff's back problems, plaintiff must specify what his back problems were and who exactly

4

did not take care of them.  In addition, plaintiff names defendant Reichert in his caption, but fails to allege any facts specific to this defendant, and does not link this defendant to any constitutional violations.  However, these errors appear to be curable, and plaintiff will be provided an opportunity to do so.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Finally, plaintiff's allegations as to the Round Up Corporation are not cognizable in an action under 28 U.S.C. § 1983.  In order to state a claim under § 1983, a plaintiff must allege that:  (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988), Johnson v. Knowles, 113 F.3d 1114, 1118 (9th Cir. 1997).

Most rights secured by the Constitution are a protection only against violations by the government.  See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1982).  Conduct which would amount to state action for purposes of the Fourteenth Amendment is action under the color of state law for purposes of § 1983.  See West, 487 U.S. at 49; but see Lugar, 457 U.S. at 935 n. 18 (stating the opposite is not true; not all conduct which satisfies the under-color-of-

state-law requirement would satisfy the Fourteenth Amendment requirement of state action.)

> To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor."

West, 487 U.S. at 49 (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id.

Here, plaintiff fails to allege any connection between the Round Up Corporation, presumably the maker of the weed killer he was exposed to, and any constitutional violation. He fails to allege the Round Up Corporation was acting under color of state law or exercising a power possessed by virtue of state law. Accordingly, it does not appear that this claim can be amended in order to state a cognizable claim.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with the Rule 8 requirement that complaints contain a "short and plain statement of the claim" may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED:  November 12, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE