IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN DALE MARTIN,  No. CIV S-08-1578-CMK-P

    Plaintiff,

  vs.  ORDER

McNUT, et al.,

    Defendants.

/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 16). Plaintiff's original complaint was dismissed on November 13, 2008, for failure to state a claim. Plaintiff was granted leave to file an amended complaint to attempt to state a claim where his original complaint was deficient.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover,

1

the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff's amended complaint attempts to set forth the facts which were lacking in his original complaint. However, his amended complaint fails to meet the requirement for a short and plain statement of his claim pursuant to Rule 8. The amended complaint consists of three single spaced type papers, without separate paragraphs, and over 60 pages of attachments. This document is very difficult to read. Plaintiff does not set forth his claims in such a form as to allow the court to properly review them. Plaintiff is directed to Rule 10(b) which requires a party to state each claim in a separate, numbered paragraph. To assist plaintiff, the Clerk of the Court will be directed to provide plaintiff a new Civil Rights Complaint form.

In addition, the Federal Rules of Civil Procedure also require every pleading filed with the court to be signed by either an attorney representing the party or by a party personally if the party is unrepresented. Fed. R. Civ. P. 11(a). Here, plaintiff's amended complaint is not signed. For this reason alone, the amended complaint is insufficient and must be dismissed. Plaintiff will be provided one more opportunity to file a complaint that meets the requirements of the Federal Rules of Civil Procedure, specifically Rules 8 and 11. Plaintiff is warned again that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); see

also Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. 16) is dismissed with leave to amend;

2. Plaintiff shall file a second amended complaint, which meets the requirements of both Rule 8 and Rule 11 as stated above, within 30 days of the date of service of this order; and

3. The Clerk of the Court is directed to provide plaintiff a new Civil Rights Complaint form.

DATED: March 19, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE