IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DALE MARTIN, | No. CIV S-08-1578-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| McNUT, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel (Doc. 41) and request to extend discovery (Doc. 48).

       At the outset, the court notes that Plaintiff's motion fails to set forth his "contentions . . . as to each contested issue." See Local Rule 251(c)(3).  In particular, Plaintiff has not set forth any specific argument as to each disputed request.  See id.  However, from the motion, it appears that plaintiff is requesting a court order requiring responses from the defendants in response to his second set of interrogatories.  He also requests production of a copy of the "videotape and stonaropher" from his deposition, copies of reports regarding the incident at issue in this case, and additional time for conducting a deposition upon written question.

1

Defendants oppose the motion in that plaintiff's first set of interrogatories included the maximum allowed twenty-five questions, and he has not obtained a stipulation or requested leave to court to propound additional questions. In addition, defendants argue they properly responded to the first set of interrogatories and production of documents. They did not, however, fully answer the questions propounded in the second set as it was over maximum number allowed. In addition, the defendants contend there is no videotape of plaintiff's deposition, and he is not entitled to a free transcript, but may order one on his own. Finally, defendants object to any additional extension of the discovery deadline, which has long since passed.

Generally, discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). A motion to compel may be brought where the answers provided in response to a discovery request are evasive or incomplete. See Fed. R. Civ. Proc. 37(a)(3)(B), (4). Rule 33(a)(1) allows a party to "serve on any other party no more than 25 written interrogatories . . . ."

Here, plaintiff provided the court with copies of his first set of interrogatories served on defendants. Clearly, the first set of interrogatories used up his limit, and he did not request either a stipulation from defendants or a court order to increase the number of interrogatories propounded. He cannot, thereafter, bring a motion to compel responses to these extra interrogatories.[1] His motion to compel responses to the second set of interrogatories must therefore be denied.[2]

/ / /

/ / /

---

[1] Even if the court were to construe his motion as a request to propound additional interrogatories, such a request must be denied as untimely. The discovery deadline was extended to April 4, 2011, and plaintiff did not file the pending motion until May 16, 2011.

[2] Plaintiff also objects to the receipt of supplemental responses to his first set of interrogatories, wherein the defendants corrected a typographical error. The court finds no error in such action. Where the defendants incorrectly referred to defendant Roche using the wrong pronoun, a correction of such error does not alter the responses given or received.

1          As for plaintiff's request to receive a transcript of his deposition, Rule 30(f)(3) provides that upon payment therefor, any party may receive a copy of a deposition.  Plaintiff is apparently requesting a copy of transcript without payment.  As defendants point out, proceeding in forma pauperis does not entitle a party to the waiver of anything other than court filing fees.  There is no provision in the statute for waiver of transcript or any other type of fee.  Therefore, his request must be denied.  In addition, defendants argue that plaintiff's deposition, although apparently conducted by video conference, was not video recorded.  Therefore, there is no video recording in which to provide to plaintiff.

           Plaintiff's request for copies of all reports regarding the incident is unclear.  He simply states that he is requesting "All writen statements originals or copies identifiable as reports about the incident on 7-31-06 made by prison and civilan employees or medical staff ect." (Motion, Doc. 41 at 1(errors in original)).  He fails to provide any additional information as to what reports he requested, what reports he received, and what he believes should have been produced but was not.  Defendants contend that in response to plaintiff's request for production of documents number 3, they produced in excess of fifty pages of responsive documents in their possession, custody, or control.  As plaintiff does not specify what is missing, there is nothing for the court to base an order compelling the production of additional documents.  The motion to compel such production must be denied.

           Finally, discovery in this matter was previously extended to April 4, 2011.  Plaintiff has belatedly requested an additional extension of that deadline in order to conduct a deposition by written question.  Plaintiff had ample opportunity to conduct discovery in this case.  Discovery commenced in August 2010.  The parties therefore had eight months to conduct whatever discovery they deemed prudent.  Plaintiff's request for additional time was not filed until after the discovery deadline had expired.  Such a belated request, which failed to show good cause as to why the written deposition could not have been conducted during the open discovery time, is insufficient to warrant an additional extension of time.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.   Plaintiff's motion to compel (Doc. 41) is denied; and

3    2.   Plaintiff's motion for an extension of the discovery deadline (Doc. 48) is denied.

DATED: September 27, 2011

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE